MEMORANDUM OPINION



MEMORANDUM OPINION



No. 04-07-00233-CV


Texas Department of Public Safety and Colonel Thomas A. Davis, Jr., Director,
Department of Public Safety,

Appellants


v.


Deputy Sheriff's Association of Bexar County,

Appellee


From the 73rd Judicial District Court, Bexar County, Texas

Trial Court No. 2007-CI-01431

Honorable Karen H. Pozza, Judge Presiding


Opinion by: Rebecca Simmons, Justice


Sitting: Catherine Stone, Justice 

 Rebecca Simmons, Justice

 Steven C. Hilbig, Justice 


Delivered and Filed: November 14, 2007


REVERSED AND RENDERED


 This interlocutory appeal arises from the trial court's denial of the Texas Department of
Public Safety's (Department) plea to the jurisdiction and motion to dismiss. Deputy Sheriff's
Association of Bexar County (Association) sought a declaratory judgment against the
Department that certain deputies were peace officers for purposes of Section 1702.322 of the
Texas Occupation Code. They also sought an injunction against Colonel Thomas Davis, Jr.
precluding him from applying or enforcing Section 1702.322 against the Association's members. 
See Tex. Occ. Code Ann. § 1702.322 (Vernon 2004). The Department asserts the trial court
lacked jurisdiction because (1) civil equity courts cannot enjoin the enforcement of criminal
statutes; (2) the Association lacked standing; (3) the Association's claims are premature and
precluded under the ripeness doctrine; and (4) the Association's claims are barred by sovereign
immunity. (1)
 Because the Association's claims are barred by the ripeness doctrine, we reverse the
trial court's order on the plea to the jurisdiction and motion to dismiss and render judgment that
the Association's claims for declaratory and injunctive relief against the Department and Davis
are dismissed for lack of jurisdiction. 

Background

 The Private Security Bureau of the Department regulates the private security industry in
Texas, including armed and unarmed security guards. Tex. Occ. Code Ann. § 1702.004. Under
Chapter 1702 the Department commissions security officers, determines the qualifications of the
commissioned officer, and investigates any alleged violations of the provisions of the Chapter. 
Tex. Occ. Code Ann. § 1702.061. Any individual accepting employment as a security officer,
and whose job requires him to carry a firearm in the course and scope of his employment, must
be commissioned under Chapter 1702 unless a specific exception applies. Tex. Occ. Code Ann.
§ 1702.161. There is an exception to the commissioning requirement for full-time employed
peace officers. Tex. Occ. Code Ann. § 1702.322. Chapter 1702 does not apply to an individual
if he works "as a peace officer on the average of at least 32 hours a week, is compensated by the
state or a political subdivision of the state at least at the minimum wage, and is entitled to all
employee benefits offered a peace officer by the state or political subdivision." Tex. Occ. Code
Ann. § 1702.322(1)(D). This exception is at issue in the present case.

 On August 17, 2006, the Association, Bexar County, and Sheriff Ralph Lopez entered
into a Collective Bargaining Agreement regarding wages, hours, and working conditions for
Bexar County Deputies. According to the agreement, the deputies are permitted to work part-time as security officers and guards in off-duty employment. Shortly after the parties entered
into the agreement, a complaint was filed with the Department regarding deputies working off-duty jobs without the required security officer commission. The Department initiated an
investigation. Thereafter, Sheriff Lopez issued an order revoking off-duty permits for officers
working without a security officer commission. 

After a request for clarification from the Department, in a letter dated February 2, 2007,
Sheriff Lopez stated that he considered the detention officers in question to be his deputies, but
that they did not work 32 hours a week for the Bexar County Sheriff's Office as peace officers. 
The Department has neither completed its investigation nor issued a determination as to the
status of the officers in question.

On February 1, 2007, the Association filed its Original Petition, Application for
Temporary Restraining Order, Motion for Temporary Injunction, and Plea for Declaratory
Relief. (2) In its plea for declaratory relief, the Association sought a declaration that "the affected
officers are working as police officers an average of at least 32 hours per week under [sic] for
purposes of Texas Occupations Code § 1702.322." On February 8, 2007, the Association filed a
supplemental pleading seeking a temporary injunction against Davis enjoining him and his
agents, representatives and attorneys from, among other things, "[a]dministering, applying or
enforcing the Private Security Act." DPS and Davis responded with a plea to the jurisdiction
and motion to dismiss based in part on ripeness and standing. On March 28, 2007, the trial court
denied the Department's plea to the jurisdiction and motion to dismiss. 

Jurisdiction

 "Ripeness like standing, is a threshold issue that implicates subject matter jurisdiction . . .
and like standing, emphasizes the need for a concrete injury for a justiciable claim to be
presented." Patterson, M.D. v. Planned Parenthood of Houston & Southeast Texas, Inc., 971
S.W.2d 439, 442 (Tex. 1998). A claim is not ripe if it is based on hypothetical or contingent
facts that may not occur. Waco Indep. Sch. Dist. v. Gibson, 22 S.W.3d 849, 852 (Tex. 2000). 

The Association's complaints stem from Sheriff Lopez's letter revoking all work permits
for off-duty employment for all detention corporals, sergeants, lieutenants, captains, and
colonels. In its brief, the Association contends there is an actual controversy between the
parties. Specifically, the Association states that "[t]he Bexar County co-defendants in this
litigation are using the investigation of DPS and Col. Davis into the peace officer status of [the
Association's] members as justification for depriving [them] of the work permits that allow them
to hold off-duty, private security jobs." This allegation characterizes the dispute as between the
Association and Bexar County and Sheriff Lopez, co-defendants. 

Pursuant to Section 1702.061, the Department has the authority to conduct investigations
of alleged violations of Chapter 1702. Tex. Occ. Code Ann. § 1702.061. The Department has
not concluded its investigation. Whether the Department will reach an adverse decision against
the officers in question, impose civil penalties, or refer the matter for criminal prosecution is
unknown at this time. See Tex. Occ. Code Ann. § 1702.383 (the Department may take certain
actions for violations of provisions). The Department simply has not reached a determination
regarding the status of the officers in question.

 The Association's claim for declaratory and injunctive relief presupposes that (1) the
Department will conclude the officers in question do not qualify for the law enforcement
personnel exception and (2) the Department will take actions to preclude the off-duty
employment of the officers. While the Association relies heavily on Sheriff Lopez's letter
stating the officers do not work on average 32 hours a week, and therefore do not qualify for an
exception, the Department is not necessarily bound by the Sheriff's determination of the facts. 
The Department may continue its investigation and order the Sheriff or County to produce
documentation regarding the officers' employment status. See Tex. Occ. Code Ann.
§ 1702.367. As a result, there is no way to predict what determination, if any, the Department
will reach. Consequently, the relief that the Association seeks, at this point, would be based on
hypothetical or contingent events that may not occur. 

Because the alleged injury of the Association remains contingent, its claims are not ripe. 
See Patterson, M.D., 971 S.W.2d at 442 (stating "ripeness asks whether the facts have developed
sufficiently so that an injury has occurred or is likely to occur, rather than being contingent or
remote"). Therefore, we conclude that the district court did not have jurisdiction over the
Association's declaratory and injunctive relief claims. Accordingly, we reverse the trial court's
order and dismiss the case for lack of jurisdiction.


 Rebecca Simmons, Justice


1. Our use of "Department" generally refers to the Private Security Bureau of the Department of Public Safety and,
unless otherwise stated, Colonel Davis. 

2. The Association sought and obtained a temporary restraining order and temporary injunction against Bexar County
and Sheriff Lopez to maintain the status quo pending final and binding arbitration in accordance with the Collective
Bargaining Agreement.